UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVA PENA,

    Defendant.
_____/

Civil Action No.:

**VERIFIED COMPLAINT FOR PERMANENT INJUNCTION**

Plaintiff, the United States of America ("United States"), through its undersigned counsel, hereby sues Defendant Eva Pena ("Defendant") and alleges as follows:

## INTRODUCTION

1. Starting at least as early as 2021 and continuing to the present, Defendant has assisted and facilitated a predatory mail and wire fraud scheme that primarily victimizes senior citizens of the United States. Participants in the scheme contact potential victims, falsely claim that those victims have won a sweepstakes or lottery, and thereby induce the victims to transmit money to Defendant to account for taxes and fees purportedly associated with victims' falsely promised winnings.

2. The United States seeks to prevent continuing and substantial injury to victims of this fraudulent scheme by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345 to enjoin the ongoing commission of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is the United States.

6. Defendant is a resident of Boston, Massachusetts. Defendant engaged, and continues to engage, in the conduct described in this Complaint from within the District of Massachusetts.

## FRAUDULENT SCHEME

7. Since at least as early as 2021, Defendant has assisted and facilitated a fraud scheme by accepting victim payments and providing participants of the scheme with access to those payments.

8. Operators of the fraud scheme engage in a sweepstakes or lottery scam. Callers associated with the fraud scheme contact victims, who often are senior citizens, over the telephone and falsely claim that the victims have won the lottery. Typically, the callers then tell the victim that he or she needs to wire or otherwise transmit money to pay for fees and/or taxes allegedly associated with winning the lottery. These claims are false and fraudulent, as the members of the scheme know the victim has not won the lottery and there is no need for the victim to wire fees and/or taxes associated with winning the lottery.

9. Since at least 2021, victims have been harmed by the fraudulent scheme facilitated by Defendant. Defendant plays a critical role in the scheme by receiving victim payments by U.S. mail and commercial mail carriers, depositing those payments into bank accounts she controls, and then forwarding the funds on to other individuals engaged in the scheme.

10. Upon information and belief, between March 2023 and March 2024, Defendant was the intended recipient of at least ten parcels related to the fraud scheme.

**DEFENDANT'S KNOWLEDGE OF FRAUD**

11. Upon information and belief, the United States alleges that Defendant has knowledge that her conduct facilitates a mail and wire fraud scheme.

12. On or about August 26, 2022, a United States Postal Inspector spoke to Defendant on the phone and informed her that the packages she was receiving contained money from victims of a lottery fraud scheme. The Postal Inspector informed Defendant that scammers often use victims who no longer provide money or do not have money to launder funds from other victims. Despite this conversation, Defendant continued to assist and facilitate the fraud scheme.

13. On or about November 14, 2022, the United States Postal Inspection Service sent a warning letter to Defendant via certified mail. The letter explained how lottery fraud schemes typically operate, how receiving and forwarding money can further those schemes, and that Defendant may be assisting transnational fraudsters. It also warned her that she could face civil or criminal consequences if she continued receiving and transmitting proceeds of a fraud scheme. Since receipt of the warning letter, Defendant has continued to assist and facilitate the fraud scheme by accepting victim payments and transmitting those payments to the fraudsters.

14. On or about March 18, 2024, Defendant admitted to United States Postal Inspectors that accounts she used to deposit and transmit funds at three different banks had been either closed or frozen because they had been identified as being involved in fraud.

**HARM TO VICTIMS**

15. Victims suffer financial losses from the mail and wire fraud scheme facilitated by Defendant.

16. Upon information and belief, the scheme disproportionately affects elderly victims.

17. Absent injunctive relief by this Court, Defendant's conduct will continue to cause injury to victims.

## COUNT I
### (18 U.S.C. § 1345 – Injunctive Relief)

18. The United States re-alleges and incorporates by reference Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. By reason of the conduct described herein, Defendant violated, is violating, and is about to violate 18 U.S.C. §§ 1341 and 1343 by facilitating a scheme and artifice to defraud and obtain money or property by means of false or fraudulent representations with the intent to defraud, and, in so doing, use the United States mails and interstate or foreign wire communications.

20. Upon a showing that Defendant is committing or about to commit mail or wire fraud, the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future fraudulent conduct and to any other action that this Court deems just and proper to prevent a continuing and substantial injury to victims.

21. As a result of the foregoing, the Court should enjoin Defendant's conduct under 18 U.S.C. § 1345.

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

A. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in any prize promotion fraud or money transmitting business; and

B. That the Court order such other and further relief as the Court shall deem just and proper.

Dated: April 22, 2024

AMANDA N. LISKAMM
Director
Consumer Protection Branch

TIMOTHY T. FINLEY
Assistant Director

By: /s/ Ann Entwistle
ANN ENTWISTLE
Trial Attorney
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
202-305-3630
ann.entwistle@usdoj.gov

Respectfully Submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ Carol E. Head
CAROL E. HEAD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

## VERIFICATION

I, Lauren Vumbaco, United States Postal Inspector state that I have read the foregoing Verified Complaint for Permanent Injunction and declare under penalty of perjury that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Lauren Vumbaco
Postal Inspector
United States Postal Inspection Service

Dated: April 22, 2024